In the Matter of Lt. James M. SKELLY, U.S.N. 705961/1100, Petitioner,

v.

Hon. Melvin LAIRD, Secretary of Defense, Hon. John Chafee, Secretary of the Navy, Curtis Tarr, National Director of Selective Service System, Captain W. W. Graham, U.S.N. Commanding Officer, Naval Amphibious Base, Coronado, California, Respondents.

Civ. No. 70–221–T.

United States District Court,
S. D. California.

Sept. 18, 1970.

Charles R. Khoury, Jr., San Diego, Cal., for petitioner.

Harry D. Steward, U. S. Atty., and Frederick B. Holoboff, Asst. U. S. Atty., San Diego, Cal., for respondents.

**MEMORANDUM OF DECISION AND ORDER**

TURRENTINE, District Judge.

This case deals with a petition for writ of habeas corpus filed on July 17, 1970, requesting a discharge from the United States Navy upon the grounds of conscientious objection. For the reasons set forth hereinafter it is the decision of the Court to deny the writ, and this opinion is intended as a substitute for the findings of fact and conclusions of law, pursuant to Rule 52, Federal Rules of Civil Procedure. On May 20, 1970, petitioner submitted his written request for discharge as a conscientious objector to the Chief of Naval Personnel via the chain of command and on June 3, 1970, pursuant to Bupers Instruction 1900.5 and Department of Defense Directive 1300.6 petitioner was accorded a hearing before an officer of grade 0–3 or higher. On June 9, 1970, the hearing officer recommended that petitioner's request for conscientious objector status be disapproved and on July 7, 1970, the Chief of Naval Personnel notified petitioner that petitioner's claim of conscientious objection lacked credibility and appears to have been

**396**

motivated principally by his orders to Viet Nam.

On June 15, 1970, while petitioner's request for discharge was pending, the United States Supreme Court decided *Welsh v. United States*, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308, in which the Court held that section 6(j) of Title 1 of the Military Selective Service Act of 1967 (50 App. U.S.C. § 456(j), "exempts from military service all those whose consciences, spurred by deeply held moral, ethical, or religious beliefs would give them no rest or peace if they allowed themselves to become a part of an instrument of war."

Since petitioner's Navy hearing occurred before *Welsh* was decided, petitioner claimed that the hearing officer applied the wrong standard by requiring a religious basis for conscientious objection.

On the same date that the petition was filed this Court issued its order to show cause for July 27, 1970, at 4:00 p. m., and ordered that pending further action of this Court petitioner not be removed from the jurisdiction of this Court or be subjected to any duties incompatible with his claim of conscientious objection. At the initial hearing on the order to show cause, it appeared that the Court could not tell from the record before it whether the determination by the Chief of Naval Personnel took into account the decision in Welsh v. United States, *supra*. Accordingly, the matter was remanded to the United States Navy for further hearing; said further hearing to be limited to the additional bases for conscientious objector status found and held by the United States Supreme Court in *Welsh*, and further ordered that said further hearing be completed and a final determination on petitioner's request be made by not later than thirty days from July 27, 1970.

Pursuant to the remand order a further hearing was held on August 7, 1970, at which hearing petitioner was represented by counsel of his choice. On August 12, 1970, the hearing officer submitted to his Commanding Officer findings of fact, opinions and recommendations. On August 13, 1970, the hearing officer's Commanding Officer forwarded to the Chief of Naval Personnel the aforesaid findings, opinions, and recommendations and his concurrence therein. By letter dated August 24, 1970, the Chief of Naval Personnel notified petitioner that his request for discharge as a conscientious objector was reconsidered based on the revised criteria set forth in *Welsh* and again denied the application as not being motivated by *deeply held* beliefs.

On August 28, 1970, petitioner filed his first amended petition for writ of habeas corpus which in substance took issue with the findings, conclusions and recommendations of the Navy hearing officer and the determination by the Chief of Naval Personnel. It also alleged matters extraneous to the issues herein.

A continued hearing on the order to show cause was held on September 15, 1970, at which time the Court had before it the original petition, the first amended petition, both reports and recommendations of the Navy hearing officer, verbatim transcripts of the initial and remanded hearings, both letters from the Chief of Naval Personnel and the initial and supplemental memoranda of the respondents in opposition to the granting of the writ. After consideration of the pleadings, memoranda, reports, recommendations and argument of counsel, the Court found that there was a basis in fact for the denial of petitioner's application for discharge and concluded that the petition should be dismissed and the temporary restraining order dissolved.

The scope of judicial review in matters such as this is limited to determining whether petitioner was accorded due process and whether there was a *basis in fact* for the ultimate determination and, of course, the Court is not empowered to weigh the evidence or to hear the matter de novo. Estep v.

United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1945).

 Since there is now no issue as to whether petitioner was accorded due process, the only question to be resolved is whether there was a basis in fact for the determination for the denial of petitioner's application for discharge. In making this determination the Court may examine the entire record before it to ascertain whether it discloses objective facts which are inconsistent with the claimed sincerity of belief. Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 99 L.Ed. 428 (1955); United States v. Haughton, 413 F.2d 736 (C.A.9, 1969); Bishop v. United States, 412 F. 2d 1064 (C.A.9, 1969). The Court finds that there are ample objective facts which are inconsistent with petitioner's claimed sincerity. Without citing all of them, the following are pertinent and are deemed sufficient:

Petitioner was a member of the NROTC at the University of Minnesota for four years during which time he received substantial financial benefits from the U. S. Navy. Thereafter, he served as First Lieutenant aboard the USS ELOKOMIN (AO–55), a fleet oiler in the Atlantic; he willingly associated with an instrument of war, the United States Navy, for seven years, and became unwilling to complete his obligated service only upon receipt of orders to Viet Nam.

Counsel for petitioner argued that such a turn about is not unusual in view of United States ex rel. Tobias v. Laird, 413 F.2d 936 (C.A.4, 1969). However, as the learned Judge said in Bishop v. United States, *supra*, 412 F.2d at 1068, "We do not suggest, of course, that sudden 'Road-to-Damascus' conversion is impossible or even unusual; however, when such a claim is asserted * * * authorities are authorized to treat its sincerity as so sufficiently suspect that the suddenness of the conversion may be considered as one of those 'objective facts * * * [which] cast doubt on the sincerity of his claim.' "

Based upon the permissible scope of review by this Court, it is found that there was a basis in fact for denial of petitioner's application for discharge and it is hereby concluded that the petition should be dismissed.